IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MIKE RAYE AIKINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-2341-B-BN |
| | § | |
| FELICIA PITRE, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This *pro se* civil rights action under 42 U.S.C. § 1983 filed by Plaintiff Mike Raye Aikins has been referred to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle. The undersigned enters these findings of fact, conclusions of law, and recommendation that, for the reasons and to the extent explained below, the Court should dismiss Aikins's complaint without prejudice to his filing, within a reasonable period of time to be set by the Court, an amended complaint that overcomes the deficiencies identified.

**Applicable Background**

Aikins has sued the Dallas County Sheriff's Office (and former Sheriff Lupe Valdez or Sheriff Marian Brown) and Dallas County District Clerk Felicia Pitre (or her subordinates or office), alleging that, "over the course of 19 years," he has been denied due process related to (1) the collection of child-support obligations and (2) state-court contempt proceedings held for his failure to pay child support. Dkt. No. 3; *see, e.g., id.*

at 4 ("Over the course of 19 years, the defendants: Valdez acting on behalf of the Dallas County Sheriffs Office, Pitre and associates of the Dallas County Court Clerk's Office including Mary Ellis and associates from the Child Support Office on Zang Blvd., all conspired viscously and knowingly to violate my civil rights under Color of Law by not once allowing me a legitimate Due Process hearing in a court of law outside of a Title IV-d hearing. Valdez, arresting [officers], and Sheriff's [Deputies] also conspired to create three unlawful arrests in 2006, 2015 and 2016.").

The Court has granted Aikins leave to proceed *in forma pauperis* ("IFP").

## Legal Standards

A district court is required to screen a civil action filed IFP and may summarily dismiss that action, or any portion of the action, if, for example, it "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

Dismissal for failure to state a claim "turns on the sufficiency of the '*factual allegations*' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson*, 135 S. Ct. at 347; emphasis added by *Smith*), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346; *see Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) ("A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" (quoting *Iqbal*, 556 U.S. at 679)).

This rationale has even more force here, as the Court "must construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)); *but see Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013) ("[L]iberal construction does not require that the Court or a defendant create causes of action where there are none.").

"Ordinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.' ... Granting leave to amend, however, is not required if the plaintiff has already pleaded [his] 'best case.' A plaintiff has pleaded [his] best case after [he] is apprised of the insufficiency of [his] complaint. [And a] plaintiff may indicate [he] has not pleaded [his] best case by stating material facts that [he] would include in an amended complaint to overcome the deficiencies identified by the court." *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009); citations and internal question marks omitted).

## Analysis

I.  <u>Sheriff's Office, former Sheriff Valdez, and Sheriff Brown</u>

Taking first any claim asserted against the Dallas County Sheriff's Office, a plaintiff may not bring a civil action against a servient political agency or department unless that agency or department enjoys a separate and distinct legal existence. *See*

*Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). In *Darby*, the United States Court of Appeals for the Fifth Circuit held that, "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.* at 313. Relying on *Darby*, another judge of this Court has held that "the Dallas County Sheriff's Office," as well as the Dallas County jail, "are non-jural entities under § 1983." *Rambo v. Valdez*, No. 3:16-cv-02-O, 2016 WL 4398969, at *2 (N.D. Tex. May 6, 2016) (collecting cases).

Any claims asserted against the Dallas County Sheriff's Office should therefore be dismissed.

"Under § 1983, officials are not vicariously liable for the conduct of those under their supervision" – instead, "[s]upervisory officials are accountable for their own acts of deliberate indifference and for implementing unconstitutional policies that causally result in injury to the plaintiff." *Alderson v. Concordia Parish Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017) (citing *Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992)); *see also Hinojosa v. Livingston*, 807 F.3d 657, 668 (5th Cir. 2015) ("Relying on *Monell[ v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978),] 'we have held that supervisory officials may not be found vicariously liable for the actions of their subordinates under § 1983.'" (quoting *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 452 (5th Cir. 1994) (en banc); citation omitted)).

Because Aikins only alleges that former Sheriff Valdez and Sheriff Brown are liable based on the actions of their subordinates, he has failed to allege plausible claims

against these defendants, as Section 1983 "does not give a cause of action based on the conduct of subordinates." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). "Instead, under § 1983, 'each Government official, his or her title notwithstanding, is only liable for his or her own misconduct.'" *Hinojosa*, 807 F.3d at 668 (quoting *Iqbal*, 556 U.S. at 677).

The claims currently pleaded against former Sheriff Valdez and Sheriff Brown should therefore be dismissed.

II.     District Clerk Pitre (or her subordinates or office)

Judges generally have absolute immunity for judicial actions taken within the scope of their jurisdiction, which also means that judicial officers are generally immune from suits for money damages. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Davis v. Tarrant Cty., Tex.*, 565 F.3d 214, 221-22 (5th Cir. 2009). "Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). "A judge's acts are judicial in nature if they are normally performed by a judge and the parties affected dealt with the judge in his judicial capacity." *Id.* at 285 (internal quotation marks omitted). "[J]udicial immunity is not overcome by allegations of bad faith or malice," *Mireles*, 502 U.S. at 11, and "[d]isagreeing with a judge's actions does not justify depriving that judge of his or her immunity," *Greenlee v. U.S. Dist. Court*, No. 09-2243-cv-FJG, 2009 WL 1424514, at *2 (D. Kan. May 21, 2009) (citing *Stump*, 435 U.S. at 363).

"This absolute immunity also extends to the court clerks," to the extent that they "perform [a] ministerial task ... at the judge's behest." *Kastner v. Lawrence*, 390 F. App'x 311, 315 (5th Cir. 2010) (citation omitted). Put differently, "[c]ourt clerks are immune from actions 'for damages arising from acts they are specifically required to do under court order or at a judge's discretion.'" *Id.* (quoting *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001)).

Aikins includes no allegations to show that District Clerk Pitre or anyone in her office acted without instructions from a judge. And court clerks, "including their deputies, are entitled to qualified immunity involving 'routine actions.' Routine duties are those not explicitly 'commanded by court decree, or by judge's instructions.'" *Lewis v. U.S. Postal Serv.*, Civ. A. No. 08-555-JVP-DLD, 2009 WL 819009, at *3 (M.D. La. Mar. 27, 2009) (quoting *Clay*, 242 F.3d at 682).

The claims currently pleaded against District Clerk Pitre or her subordinates or office should therefore be dismissed.

III. Jurisdiction

That Aikins's Section 1983 claims stem from state-court child-custody proceedings further causes the undersigned to question whether this Court has jurisdiction to consider his claims – no matter which defendant he asserts them against – since a federal district court lacks jurisdiction to consider "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S.

280, 284 (2005); *see Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) ("under [*Rooker-Feldman*] a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights" (citing *D.C. Ct. App. v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923))); *see also Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013) ("'Reduced to its essence, the *Rooker-Feldman* doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments' except when authorized by Congress." (quoting *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004))); *Brown v. Taylor*, 677 F. App'x 924, 927 (5th Cir. 2017) (per curiam) (summarizing the doctrine and its applicability to cases in which a plaintiff's claims "assert as a legal wrong" or "invite direct review and rejection of" a state court's decision).

Applicable, here – to the attack of state court judgments under the guise of a civil rights complaint – "[a] plaintiff cannot 'circumvent this jurisdictional limitation by asserting claims not raised in the state court proceedings or claims framed as original claims for relief,' if these claims are 'inextricably intertwined with a state judgment.'" *Turner v. Cade*, 354 F. App'x 108, 111 (5th Cir. 2009) (per curiam) (quoting *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994); citation and internal quotation marks omitted).

And the Fifth Circuit has "held 'that litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the

Case 3:18-cv-02341-B-BN   Document 6   Filed 09/05/18   Page 8 of 9   PageID 26

form of civil rights suits'" and that, moreover, "[t]he only federal recourse for constitutional questions arising in state court proceedings is application for writ of certiorari to the United States Supreme Court." *Id.* (respectively quoting *Hale v. Harney*, 786 F.2d 688, 690-91 (5th Cir. 1986), and citing *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994)).

"Federal courts have[, moreover,] consistently applied the *Rooker-Feldman* doctrine as a bar to federal jurisdiction over matters related to the family disputes of divorce and child support." *Evans v. Williamson Cty. Gov't*, No. A-15-CV-436-SS, 2015 WL 4621449, at *4 (W.D. Tex. May 28, 2015) (collecting cases), *rec. accepted*, 2015 WL 4624708 (W.D. Tex. July 31, 2015); *see, e.g., McCormick v. Dempster*, 82 F. App'x 871, 2003 WL 22922312, at *1 (5th Cir. Dec. 9, 2013) (per curiam) (affirming "dismissal for lack of subject matter jurisdiction[, under *Rooker-Feldman*,] of [a *pro se* plaintiff's] 42 U.S.C. § 1983 action, in which she asserted that her due process rights were violated by a state court's entry of a child custody order and another state court's enforcement of that order"); *Glatzer v. Chase Manhattan Bank*, 108 F. App'x 204, 2004 WL 2091406, at *1 (5th Cir. Sept. 20, 2014) (per curiam) (affirming "the district court's application of the *Rooker-Feldman* doctrine" to a plaintiff's constitutional claims implicating a California custody and child support order because those claims were "inextricably intertwined with the state court order" (citations omitted)).

## Recommendation

The Court should dismiss the complaint filed by Plaintiff Mike Raye Aikins without prejudice to his filing, within a reasonable period of time to be set by the

Court, an amended complaint that overcomes the deficiencies identified in these findings, conclusions, and recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 5, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE