IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MIKE RAYE AIKINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-2341-B-BN |
| | § | |
| FELICIA PITRE, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This *pro se* civil rights action under 42 U.S.C. § 1983 filed by Plaintiff Mike Raye Aikins has been referred to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle.

On September 5, 2018, the Court granted Aikins leave to proceed *in forma pauperis* ("IFP"), *see* Dkt. No. 5, and the undersigned entered findings of fact and conclusions of law recommending that the Court dismiss Aikins's complaint without prejudice to his filing, within a reasonable period of time to be set by the Court, an amended complaint that overcomes the deficiencies identified, *see* Dkt. No. 6 (the "Initial FCR"). Those deficiencies included (1) that Aikins failed to allege plausible claims against the Dallas County Sheriff's Office and the former and current Dallas County Sheriff; (2) that he failed to allege plausible claims against the Dallas County District Clerk and employees of her office; and (3) that his entire action was subject to dismissal for lack of jurisdiction under the *Rooker-Feldman* doctrine. *See id.*

On September 20, 2018, prior to the deadline to file objections to the Initial FCR, Aikins filed an amended complaint. *See* Dkt. No. 7.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss Aikins's amended complaint – and this action – with prejudice.

**Applicable Background**

While the amended complaint reflects that the substance of Aikins claims has not changed, he has swapped out the defendants. He now brings his claims solely against "Mary Ellis" – who Aikins identifies as employed by the "Child Support Office" – in her official capacity and against "Office of the Attorney General Child Support Division." Dkt. No. 7 at 2.

**Legal Standards and Analysis**

As previously explained to Aikins, a district court is required to screen a civil action filed IFP and may summarily dismiss that action, or any portion of the action, if, for example, it "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(ii), (iii). And, while the Court should generally afford a *pro se* litigant, like Aikins, an opportunity to amend his complaint before it is dismissed, *see Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam); *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009), the Court has afforded Aikins that opportunity, and, by filing an amended complaint in response to the Initial FCR, he is now presenting his best case to the Court.

-2-

But his best case is still subject to dismissal for the following reasons.

First, suing "Mary Ellis," an employee of a public agency, in her official capacity, *see* Dkt. No. 7 at 2, simply amounts to suing the agency that employs her.

"An official-capacity lawsuit is 'only another way of pleading an action against an entity of which an officer is an agent.'" *Culbertson v. Lykos*, 790 F.3d 608, 623 (5th Cir. 2015) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)). When an individual is sued is her official capacity, liability is imposed "'on the entity that [she] represents provided, of course, the public entity received notice and an opportunity to respond.'" *Id.* (quoting *Brandon v. Holt*, 469 U.S. 464, 471-72, (1985)); *see also Graham*, 473 U.S. at 166 ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.").

And where a plaintiff brings claims against both a public officer in his official capacity and the public entity for which she works, the claims "essentially merge." *Turner v. Houma Mun. Fire & Police Civil Serv. Bd.*, 229 F.3d 478, 485 (5th Cir. 2000). When this occurs, the court may dismiss the claims against the public official as duplicative. *See, e.g., Flores v. Cameron Cty.*, 92 F.3d 258, 261 (5th Cir. 1996) (where the district court had dismissed claims against county commissioners in their official capacities "because those claims were duplicative of the claims against the County").

So, because Aikins also sues the public agency that he identifies as employing "Mary Ellis," his official capacity claims against her should be dismissed as duplicative.

And the claims against her employer should also be dismissed.

In Texas, the Office of Attorney General ("OAG"), "is the designated IV-D agency ... and has the power to enforce child support orders and collect and distribute support payments" – a power that "derives from federal legislation[,] Title IV, Part D of the Social Security Act[, which] requires each state to designate an agency to enforce child support orders." *Office of Attorney Gen. of Tex. v. Scholer*, 403 S.W.3d 859, 862 (Tex. 2013) (citing, respectively, TEX. FAM. CODE §§ 231.001, .101(a)(5)-(6); 42 U.S.C. §§ 651-669b). And it is clear that OAG's child support division is merely a department within that agency. *See Office of Attorney Gen. v. Weatherspoon*, 435 S.W.3d 844, 849 (Tex. App. – Dallas 2014) ("It is also undisputed ... that the Child Support Division is part of the OAG."), *rev'd on other grounds*, 472 S.W.3d 280 (Tex. 2015).

A plaintiff may not bring a civil action against a servient political agency or department unless that agency or department enjoys a separate and distinct legal existence. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). In *Darby*, the Fifth Circuit held that, "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.* at 313. And, because Aikins has not shown that the OAG's Child Support Division is a jural entity, his claims against it should be dismissed.

Further, to the extent that Aikins attempts to state a claim against the OAG itself, "[f]ederal courts are without jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless that state has waived its

-4-

sovereign immunity or Congress has clearly abrogated it.' Texas has not consented by statute, and § 1983 does not abrogate state sovereign immunity." *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 393-94 (5th Cir. 2015) (respectively quoting *Moore v. La. Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014), and citing *Quern v. Jordan*, 440 U.S. 332, 340 (1979)); *see also Soniat v. Tex. Real Estate Comm'n*, 721 F. App'x 398, 398 (5th Cir. 2018) (per curiam) ("Congress has not clearly abrogated state agencies' sovereign immunity from suits brought under 42 U.S.C. § 1983." (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63 (1989))).

And, because Aikins is seeking "retrospective money damages," *see* Dkt. No. 7 at 9 (requesting "[t]otal actual and punitive damages ... for violation of my civil rights amount[ing] to $400,000"), the exception under *Ex Parte Young*, 209 U.S. 123 (1908), does not supply federal jurisdiction over any claim against the Texas Attorney General. *NiGen Biotech*, 804 F.3d at 394 ("A claim for money damages 'seek[s] to impose a liability which must be paid from public funds in the state treasury.' As the AG correctly points out, the Eleventh Amendment bars federal court jurisdiction over such claims." (quoting *Edelman v. Jordan*, 415 U.S. 651, 663 (1974))).

Alternatively, consistent with the allegations he makes in this matter, Dallas County public records reflect that a closed divorce proceeding involving Aikins, which includes protracted child support proceedings, was filed in 2000. *See Aikins v. Aikins*, DF00-20038 (302d Dist. Ct., Dallas Cty., Tex.). To the extent that this action invites this federal court to review judgments entered in that closed state proceeding, the Court lacks subject matter jurisdiction under "the *Rooker-Feldman* doctrine" – a

narrow jurisdictional bar ... designed to prevent lower federal courts from exercising jurisdiction over matters that are exclusively reserved for Supreme Court review under 28 U.S.C. § 1257." *Gross v. Dannatt*, ___ F. App'x ___, No. 18-10078, 2018 WL 4223518, at *1 (5th Cir. Sept. 5, 2018) (per curiam) (citing *Lance v. Dennis*, 546 U.S. 459, 464, 463 (2006) (per curiam); citation omitted).

Under this doctrine, a federal district court lacks jurisdiction to consider "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) ("under [*Rooker-Feldman*] a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights" (citing *D.C. Ct. App. v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923))); *see also Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013) ("'Reduced to its essence, the *Rooker-Feldman* doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments' except when authorized by Congress." (quoting *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004))); *Brown v. Taylor*, 677 F. App'x 924, 927 (5th Cir. 2017) (per curiam) (summarizing the doctrine and its applicability to cases in which a plaintiff's claims "assert as a legal wrong" or "invite direct review and rejection of" a state court's decision).

"A plaintiff cannot 'circumvent this jurisdictional limitation by asserting claims not raised in the state court proceedings or claims framed as original claims for relief,' if these claims are 'inextricably intertwined with a state judgment.'" *Turner v. Cade*, 354 F. App'x 108, 111 (5th Cir. 2009) (per curiam) (quoting *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994); citation and internal quotation marks omitted).

And the Fifth Circuit has "held 'that litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits'" and that, moreover, "[t]he only federal recourse for constitutional questions arising in state court proceedings is application for writ of certiorari to the United States Supreme Court." *Id.* (respectively quoting *Hale v. Harney*, 786 F.2d 688, 690-91 (5th Cir. 1986), and citing *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994)).

Courts in this circuit have "consistently applied the *Rooker-Feldman* doctrine as a bar to federal jurisdiction over matters related to the family disputes of divorce and child support." *Evans v. Williamson Cty. Gov't*, No. A-15-CV-436-SS, 2015 WL 4621449, at *4 (W.D. Tex. May 28, 2015) (collecting cases), *rec. accepted*, 2015 WL 4624708 (W.D. Tex. July 31, 2015); *see, e.g.*, *McCormick v. Dempster*, 82 F. App'x 871, 2003 WL 22922312, at *1 (5th Cir. Dec. 9, 2013) (per curiam) (affirming "dismissal for lack of subject matter jurisdiction[, under *Rooker-Feldman*,] of [a *pro se* plaintiff's] 42 U.S.C. § 1983 action, in which she asserted that her due process rights were violated by a state court's entry of a child custody order and another state court's enforcement of that order"); *Glatzer v. Chase Manhattan Bank*, 108 F. App'x 204, 2004 WL 2091406,

at *1 (5th Cir. Sept. 20, 2014) (per curiam) (affirming "the district court's application of the *Rooker-Feldman* doctrine" to a plaintiff's constitutional claims implicating a California custody and child support order because those claims were "inextricably intertwined with the state court order" (citations omitted)); *but cf. Gross*, 2018 WL 4223518, at *2 (noting that the related domestic relations exception to federal jurisdiction only applies where "claims for relief ... require the court to issue [ ] 'divorce, alimony, or child custody decrees'" and does not apply to, for example, "claims surrounding the breach of a prenuptial agreement" (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 701, 704 (1992))).

## Recommendation

The Court should dismiss the amended complaint filed by Plaintiff Mike Raye Aikins – and this action – with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 21, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE